UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| G & P INVESTMENT ENTERPRISES, LLC, | Case No. 2:15-CV-907 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendant(s). | |

Presently before the court is a motion to dismiss filed by defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac"). (Doc. # 1-1 at 98–121). Plaintiff G & P Investment Enterprises, LLC ("G&P") filed a response in opposition (doc. # 4), and defendants filed their reply. (Doc. # 17).

Also before the court is plaintiff G&P's countermotion for summary judgment. (Doc. # 5). Defendants Wells Fargo and Freddie Mac filed a response in opposition (doc. # 18), and defendant Federal Housing Financing Agency ("FHFA") filed a joinder to defendants' response in opposition (doc. # 31), and plaintiff filed a reply. (Doc. # 32).

In their motion to dismiss, defendants argue that plaintiff's complaint to quiet title and for declaratory relief should be denied because the foreclosure sale was commercially unreasonable and unconstitutional. (Doc. # 1-1 at 111, 117). Defendants state that Nevada's "opt in" statutes, N.R.S. §§ 116.31162–116.31163, 116.31165, and 116.31168, provide inadequate notice to lienholders prior to foreclosure of real property, in violation of the lienholder's due process rights. (*Id.* at 105–111). Defendants further argue that N.R.S. § 116.3116, as interpreted in the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), violates the takings clauses of the U.S. and Nevada Constitutions. (Doc. # 1-1 at 111–114).

**James C. Mahan**
**U.S. District Judge**

In its countermotion for summary judgment, plaintiff argues that *SFR Investments* confirmed that N.R.S. § 116.3116 gives a HOA a true super-priority lien which extinguished the defendant's first deed of trust. (Doc. # 5). In defendants' response in opposition (doc. # 18), defendant FHFA's joinder (doc. # 31), and plaintiff's reply (doc. # 32), the parties continue to dispute the issue of the facial constitutionality of N.R.S. § 116.3116.

A party who files a motion calling into question the constitutionality of a state statute must promptly "file a notice of constitutional question stating the question and identifying the paper that raises it, if . . . the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity . . . ." FED. R. CIV. P. 5.1(a)(1)(B).

The party must serve the notice on the state attorney general "by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose." FED. R. CIV. P. 5.1(a)(2). Defendants provide no proof of compliance with this rule.

Rule 5.1 also requires the court to "certify to the appropriate attorney general that a statute has been questioned" under 28 U.S.C. § 2403. FED. R. CIV. P. 5.1(b). This statute provides that the court "permit[s] the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." 28 U.S.C. § 2403(b).

In light of the foregoing rule and statute, the court will deny the parties' motions to dismiss and for summary judgment without prejudice to allow defendants to comply and the attorney general to intervene. The parties may renew their motions after the attorney general has been afforded time to respond and upon showing compliance with the notice requirement of Rule 5.1(a).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 1-1 at 98–121), be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's countermotion for summary judgment (doc. # 5), be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendants shall provide notice to the Nevada attorney general in compliance with Federal Rule of Civil Procedure 5.1, and include proof of such notice upon filing any further motions raising constitutional challenges.

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that this court certifies to the Nevada attorney general that it may rule on the constitutionality of the state statute at issue in this case, N.R.S. § 116.3116. The attorney general shall have thirty (30) days after receiving notice within which to intervene on behalf of the state of Nevada for presentation of argument on the question of the constitutionality of the statute.

IT IS FURTHER ORDERED that the clerk of court shall send a copy of this order by certified mail to the Nevada attorney general.

DATED October 7, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**