UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| G & P INVESTMENT ENTERPRISES, LLC, | Case No. 2:15-CV-907 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendant(s). | |

Presently before the court is counterclaimants Wells Fargo Bank, N.A.'s ("Wells Fargo"), Federal Home Loan Mortgage Corporation's ("Freddie Mac"), and Federal Housing Finance Agency's ("FHFA" and collectively with Wells Fargo and Freddie Mac, "defendants") motion for summary judgment. (ECF No. 55). Plaintiff G & P Investment Enterprises, LLC ("G & P" or "plaintiff"), filed a response (ECF No. 62), and defendants filed a reply (ECF No. 67).

Also before the court is plaintiff's countermotion for summary judgment. (ECF No. 63). Defendants filed a response (ECF No. 68), and plaintiff filed a reply (ECF No. 71).

**I.     Background**

This case involves a dispute over property that was subject to a homeowners' association ("HOA") superpriority lien for delinquent assessment fees. On or about October 13, 2004, George H. Barney III ("Barney") obtained a loan for $110,000.00 from Wells Fargo ("the loan") to purchase property located at 3414 Manzano Circle, Las Vegas, NV 89121 ("the property").

On October 20, 2004, Barney executed a deed of trust on the property to secure the loan. (ECF No. 57, Exh. A). The deed of trust listed the lender and beneficiary as Wells. (ECF No. 57, Exh. A). On November 23, 2004, Freddie Mac purchased the loan and Wells Fargo began

**James C. Mahan**
**U.S. District Judge**

servicing the loan on Freddie Mac's behalf pursuant to Freddie Mac's single-family seller/servicer guide ("the guide"). (ECF No. 56).

On March 12, 2012, the HOA recorded a notice of delinquent assessment lien ("the lien"). (ECF No. 57, Exh. G). On April 12, 2012, the HOA recorded a notice of default and election to sell under the lien. (ECF No. 57, Exh. H). On November 5, 2012, the HOA recorded a notice of foreclosure sale (ECF No. 57, Exh. I), followed by a second notice of foreclosure sale on July 8, 2013 (ECF No. 57, Exh. J). On July 31, 2013, the HOA foreclosed on the lien and G & P purchased the property for $9,700.00 at the HOA's public foreclosure sale. (ECF No. 63). The foreclosure deed was recorded on August 15, 2013 and appointed the ATC Assessment Collection Group, LLC ("ATC") as trustee. (ECF No. 57, Exh. K).

Plaintiff filed the original complaint in Nevada state court on December 19, 2014, asserting two claims for relief: (1) quiet title; and (2) declaratory relief. (ECF No. 1-1). Plaintiff contends that the HOA foreclosure sale extinguished defendants' interests in the property. Defendants removed the action to federal court on May 13, 2015. (ECF No. 1-1). Thereafter, defendants Wells Fargo and Freddie Mac filed counterclaims against plaintiff. (ECF No. 39). Defendants now move for summary judgment. In response, plaintiff has filed a countermotion for summary judgment.

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby*,

**James C. Mahan**
**U.S. District Judge**

*Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

Plaintiff contends that summary judgment is proper on its claims to quiet title and for declaratory relief because it has a superior interest in the property to all other claimants. (ECF No. 63). In support of its motion, plaintiff cites NRS 116.3116(2) and the Nevada Supreme Court's holding in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 409 (Nev. 2014), that the foreclosure of an HOA superpriority lien extinguishes a first deed of trust. (ECF No. 63).

For the purposes of these motions, defendants do not dispute that NRS 116.3116 would otherwise permit a HOA's foreclosure of its superpriority lien to extinguish a prior first security interest. Rather, defendants contend that § 4617(j)(3) of the Housing and Economic Recovery Act of 2008 ("HERA") preempts Nevada law and bars the HOA from foreclosing on the property without the consent of the conservator, FHFA. (ECF No. 55). Thus, defendants argue that they are entitled to summary judgment because the HOA foreclosure sale did not extinguish Freddie Mac's interest in the property. (ECF No. 55).

In response, plaintiff argues that defendants failed to show that Freddie Mac or FHFA held any interest in the property or owned the deed of trust at the time of the HOA foreclosure sale. (ECF No. 63). These arguments will be addressed in turn.

Under NRS 116.3116, a HOA has a lien on a unit for assessments levied against that unit and such HOA liens are prior to all other liens and encumbrances, subject to exceptions. NRS 116.3116(1)–(2). In *SFR Investment Pool 1*, the Nevada Supreme Court found that a HOA's foreclosure of a superpriority lien extinguishes a first recorded security interest. 334 P.3d at 409.

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 et seq. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As

conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac.  12 U.S.C. § 4617(b)(2)(A)(i).  Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]."  12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent.  *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Here, Freddie Mac has held an interest in the property since the purchase of the loan on November 23, 2004.  Therefore, FHFA held an interest in the deed of trust as conservator for Freddie Mac prior to the HOA foreclosure on July 31, 2013.  FHFA did not consent to the extinguishment of Freddie Mac's property interest through the HOA's foreclosure sale.  Accordingly, the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust.

Plaintiff argues that defendants failed to provide evidence showing that Freddie Mac possessed any valid interest in the property or owned the deed of trust at the time of the HOA foreclosure sale. (ECM No. 63).  The court disagrees.  Defendants attached an affidavit from Dean Meyer ("Meyer"), the director of loss mitigation for Freddie Mac, verifying that Freddie Mac acquired ownership of the loan on November 23, 2004. (ECM No. 56).  The print-out from Freddie Mac's MIDAS system supports Meyer's affidavit. (ECM No. 56, Exh. A).  Furthermore, plaintiff provides no evidence to rebut defendants' claim.  Thus, the court finds this sufficient to show that Freddie Mac had an interest in the property prior to the HOA foreclosure sale.

**James C. Mahan**
**U.S. District Judge**

Accordingly, the HOA's foreclosure sale of its superpriority interest on the property did not extinguish Freddie Mac's interest in the property secured by the deed of trust or convey the property free and clear to plaintiff because FHFA did not consent as required under § 4617(j)(3). Therefore, defendants are entitled to summary judgment on their claims to quiet title and for declaratory relief.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for summary judgment, (ECF No. 55), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's countermotion for summary judgment, (ECF No. 63), be, and the same hereby is, DENIED.

DATED August 4, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**